■ CHARLES RIEGEL, as Guardian ad Litem for EILEEN RIEGEL, Petitioner, v BARBARA BLUM, as Commissioner of the New York State Department of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the State Commissioner of Social Services, dated January 17, 1979 and made after a statutory fair hearing, which affirmed a determination of the local agency denying the application for medical assistance of the petitioner's incapacitated mother. Petition granted to the extent that the determination is annulled, on the law, without costs or disbursements, and the matter is remitted to the State commissioner for further proceedings not inconsistent herewith. The determination under review is not supported by substantial evidence upon the entire record. Furthermore, the hearing officer erred in not adjourning the fair hearing for the purpose of exploring whether moneys withdrawn by the petitioner's brother from the mother's savings account are "available" to the mother (see Social Services Law, § 366). Gibbons, J. P., Rabin, O'Connor and Weinstein, JJ., concur.

■ PAUL SCHER, Respondent, v BAR-MIL CONSTRUCTION CORP., Defendant and Third-Party Plaintiff-Appellant. SCHER CUSTOM BUILT HOMES, INC., Third-Party Defendant-Respondent.—In an action to recover for personal injuries, the defendant third-party plaintiff appeals from (1) an order of the Supreme Court, Suffolk County, entered May 16, 1979, which, *inter alia,* (a) granted plaintiff's motion to set aside the jury verdict in favor of defendant on the issue of liability and (b) ordered a new trial and (2) a judgment of the same court, entered June 6, 1979, which dismissed the third-party complaint. Order modified by deleting the first and second decretal paragraphs thereof, and substituting therefor provisions (1) denying the plaintiff's motion to set aside the verdict and for a new trial, and (2) directing that judgment be entered in favor of defendant upon the jury verdict. As so modified, order affirmed, without costs or disbursements. Judgment affirmed, without costs or disbursements. On the facts presented in the instant record, it cannot be said that the preponderance of the evidence in favor of plaintiff was so great that the finding in favor of the defendant could not have been reached upon any fair interpretation of the evidence (see *Olsen v Chase Manhattan Bank,* 10 AD2d 539, 544, affd 9 NY2d 829). Lazer, J. P., Mangano, Gibbons and Margett, JJ., concur.